UNITED STATES DISTRICT COURT   JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-00139-JFW (RZx)**                                     Date: February 27, 2013

Title:   The Bank of New York Mellon -v- Diana Moussaoui, et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                      None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

On August 13, 2012, Plaintiff The Bank of New York Mellon ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Diana Moussaoui ("Defendant") in Los Angeles Superior Court. On January 8, 2013, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant fails to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Defendant alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of

jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

In addition, although it is clear that a second removal petition may be appropriate in some circumstances, the Supreme Court has found that "a party is not entitled . . . to file a second petition for the removal **upon the same grounds**, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . ." *St. Paul & C. Ry. Co. v. McLean*, 108 U.S. 212 (1883) (emphasis added); *see, also, Homestead Ins. Co. v. Casden Co.*, 234 Fed. App'x 434, 435 (9th Cir. 2007) ("Because Homestead's second removal petition, based on identical § 1447(c) ground as the prior removal, cannot reinvest jurisdiction, the district court lacked jurisdiction to entertain the action."); *Barahona v. Orkin*, 2008 WL 4724054, *2 (C.D. Cal. Oct. 28, 2008) ("Successive removals are allowed only where the second notice of removal is based on newly discovered facts not available at the time of the first removal."); *Ross v. Guerrero*, 2007 WL 586640, *1 (E.D. Cal. Feb. 26, 2007) ("[O]nce a case has been remanded, a second or successive removal on the same 'grounds' as the first is generally forbidden."); *Olsen v. Found. Health Plan*, 1999 WL 390842, *4 (N.D.Cal. June 11, 1999) (holding that second removal petition based on same grounds as first was prohibited). This principle applies "even if the remand was premised on an erroneous ground." *Zelaya v. Brotman Med. Ctr.*, 1992 WL 559683, *1 (C.D. Cal. Aug. 19, 1992); *see, also, Seedman*, 837 F.2d at 413-14.

In this case, on December 3, 2012, Defendant removed this action on the grounds that this Court had federal question jurisdiction. On December 10, 2013, this Court remanded this action to Los Angeles Superior Court. Thus, this is Defendant's second removal of this action and it is based on the same facts and circumstances as the first removal. Because Defendant's second removal is based on exactly the same grounds and circumstances as the first removal, it is an improper successive removal, and, therefore, this action must be remanded to Los Angeles Superior Court.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.